UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD KING,<br><br>            Plaintiff,<br><br>   vs.<br><br>KAYE ADKINS, ROBERT HERZOG, ARCHIE GRANT, MICHAEL GUZMAN, and PEGGY SMET,<br><br>            Defendants. | NO. CV-06-105-RHW<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE<br><br>**1915(g)** |

    BEFORE THE COURT is Plaintiff's First Amended Complaint, filed September 5, 2006. After review of Plaintiff's submissions, the court finds he has failed to cure the deficiencies of his initial complaint. Plaintiff asserts he was falsely accused of fraud and then denied due process at his disciplinary proceedings and subsequent appeals. As a result, Plaintiff complains he is unable to pursue his religious obligation to educate himself. He seeks expungement of his disciplinary record and unspecified monetary damages.

    As previously advised, an inmate has no constitutional right against being falsely accused of conduct. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied,* 485 U.S. 982 (1988). Under *Sandin v. Conner*, 515 U.S. 472 (1995), Plaintiff has failed to

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 1

demonstrate the imposition of a prison restraint constituting "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life." *Sandin*, at 483-84.  The loss of educational opportunities, even when they affect Plaintiff's duty to educate and develop his "intellectual and moral reasoning," does not rise to the level of a constitutional violation.

Plaintiff complains, as a result of the infraction and conviction for fraud, he is not able to practice his religious duty to be "an effective witness to the truth."  Again, these assertions do not rise to the level of an "atypical and significant hardship" invoking due process protections under *Sandin.*

The indirect impact of a prison disciplinary procedure on Plaintiff's religious practices does not implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA")or the First Amendment.  *See Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005)(RLUIPA does not elevate accommodation of religious observances over a prison's need to maintain order and safety).  While "[s]ome administrative actions will inevitably make prisoners feel cheated; nevertheless, this does not give them a federal cause of action." *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991).

For the reasons set forth above and in the court's prior Order to Amend or Voluntarily Dismiss, **IT IS ORDERED** the First Amended Complaint (Ct. Rec. 9) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 2

prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this 7th day of November 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2006\King\6cv105rhw-10-2-dis.wpd

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 3