UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EDWARD KING,

        Plaintiff,

  vs.

KAYE ADKINS, et al.,

        Defendants.

NO. CV-06-105-RHW

ORDER DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is Plaintiff's *pro se* letter dated December 13, 2006, which the court liberally construes as a Motion for Reconsideration (Ct. Rec. 12). This case was closed by Order filed November 7, 2006. Plaintiff asserts, because he did not proceed *in forma pauperis* in this action, there is no authority to count the dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), as a strike under 28 U.S.C. § 1915(g).

This court is allowed, under Fed. R. Civ. P. 60(b), to reconsider and amend a previous order in narrow circumstances. A litigant may seek relief from an order or judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989)(quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure § 4478*).

Here, there is no basis for reconsideration. Plaintiff's assertion that his payment of the filing fee in this action precludes a dismissal which may count as one of the dismissals under 28 U.S.C. § 1915(g) is misinformed. Dismissal of this action was pursuant to 28 U.S.C. § 1915(e)(2) which specifically provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B). The court found Plaintiff's allegations failed to state a claim upon which relief may be granted.

Plaintiff is advised, although the screening provisions of the Prison Litigation Reform Act of 1995, apply to all litigation brought by prisoners, *see* 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), the preclusive language of 28 U.S.C. § 1915(g) will apply only to those prisoners attempting to commence an action *in forma pauperis*. If Plaintiff, as a prisoner, chooses to pay the filing fee for any future action, he will not be precluded from doing so under 28 U.S.C. § 1915(g), but he will still be subject to the screening provisions of

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  Should he wish to file a future case *in forma pauperis*, the provisions of 28 U.S.C. § 1915(g) MAY affect his ability to do so.

At this time, **IT IS ORDERED** Plaintiff's Motion for Reconsideration (Ct. Rec. 12) is **DENIED.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, and close the file.

**DATED** this 8th day of January, 2007.

*s/ Robert H. Whaley*
ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2006\King\6cv105rhw-12-28-denmtnrec.wpd

ORDER DENYING MOTION FOR RECONSIDERATION -- 3